UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MCNEAL,

        Plaintiff,

v.                               CASE NO. 08-10588
                                HONORABLE STEPHEN J. MURPHY, III

HONORABLE JUNE BLACKWELL--
HATCHER, WAYNE COUNTY
PROBATE JUDGE

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

BACKGROUND

*Pro se* plaintiff David McNeal filed a complaint on February 8, 2008, against the Honorable June Blackwell-Hatcher of the Wayne County, Michigan, Probate Court. The plaintiff's complaint asserts three claims arising from events that allegedly transpired during the settlement of the plaintiff's mother's estate.

The plaintiff alleges that on July 21, 2004, Christine McNeal died testate, nominating and naming the plaintiff as the personal representative of the estate. Pl.'s Compl., ¶ 4. The plaintiff's older sibling challenged the appointment of the plaintiff and, as a result of the challenge, the defendant appointed a third party, Terri Jordan, as the personal representative. *Id.* The plaintiff asserts that this nomination was done without a hearing and in violation of Michigan Court Rules 2.401 and 5.141. *Id.* The plaintiff also claims that

1

the Michigan Court of Appeals ruled that the proper procedures had not been followed by the probate court in the June 7, 2006, suspension of fiduciary powers. *Id.* ¶¶ 5, 7.

Arising from these sparsely set forth events, the plaintiff asserts three claims. Count I alleges that on or about June 7, 2006, the defendant deprived the plaintiff "of the right to act in accordance with the provision of the [w]ill in violation of MCR 5.301 in violation of 18 U.S.C. § sec[tion] 242." Pl.'s Compl., ¶ 9. Count II alleges that the defendant conspired with Teri Jordan to "deprive plaintiff of real property located in Florida and further conspired to keep, hide, conceal and or steal the proceed[s] from the sale in violation of 18 U.S.C. sec[tion] 371." Count III asserts that "Teri Jordan committed fraud by providing a Quit Claim Deed to Suzanne M. Whibbs of Pensacola, Florida under the presumed [a]uthority of Personal Representative of the Estate of Kelly McNeal's estate in violation of 18 U.S.C. sec[tion] 242." Finally, the plaintiff asserts the following:

> the actions on the part of the defendant and various co-conspirators have deprived him of the right to dispose of his mother['s] estate according to her final wishes contained in her Last Will and Testament. Further the defendant's actions ha[ve] plundered the Decedent's estate of all assets and monies and denied the plaintiff the right to property bequeathed him in the Will, all in violation of the Michigan Constitution, Art. 1, sec. 17 and the Fourteenth Amendment to the U.S. Constitution.

Pl.'s Compl., ¶ 11. Plaintiff asserts that this Court's jurisdiction is established pursuant to 28 U.S.C. § 1343(3).

As redress, the plaintiff seeks "An arrest warrant issued for June E. Blackwell-Hatcher," remand of the case to Wayne County Probate Court "with instructions to assign the case to a different judge and [to] execute the will according to its stated provisions," return to plaintiff of all assets and monies previously removed, and an "Order requesting

the State of Michigan to investigate defendant's actions." Pl.'s Compl., ¶¶ 13-16.

The defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment[1], on March 3, 2008. [Docket entry #3]. The plaintiff filed an untimely response[2] on April 1, 2008 [docket entry #4], and the defendant filed an untimely reply on April 18, 2008. [Docket entry #5]. The defendant then filed a sur-reply, without leave of the Court, on April 22, 2008 [docket entry #6], to which the plaintiff filed a response [docket entry #11], also without leave of the Court, on May 13, 2008.

Additionally, the plaintiff filed Motion to Amend the Complaint [docket entry #7] on April 23, 2008. The motion to amend, however, does not change the substantive nature of claims in the complaint. Instead, the motion argues that because the Michigan Attorney General filed a response on behalf of Judge Blackwell-Hatcher, joinder as defendants of the Attorney General and the State of Michigan under Federal Rule of Civil Procedure 20, "should be permissive." Pl.'s Mot. to Amend, ¶ 4.

The Court closes the discussion of the background of this case by noting that a number of filings, not limited to submission by either party, were untimely or were otherwise not permitted under the Federal Rules of Civil Procedure or the Eastern District of Michigan

---

[1] Although the defendant has styled the motion as one for summary judgment in the alternative to the motion to dismiss, because a motion for summary judgment is generally disfavored before the opposing party has completed discovery, *see Short v. Oaks Correctional Facility*, 129 Fed. Appx. 278, 281 (6th Cir.2005), the Court will disregard the language seeking summary judgment and treat the motion as one solely for dismissal pursuant to Federal Rule of Civil Procedure 12(b).

[2] The Court notes that the plaintiff's response was incorrectly titled as "Plaintiff's *Reply* to Defendant's Motion." Pl.'s Resp. (emphasis added) [docket entry #4].

3

Local Rules. Neither party sought leave to file any of these untimely and extraneous documents. As a result of the parties' failures to adhere to the plain rules that govern litigation in this Court, these documents should be stricken. However, striking these documents would not advance the course of the proceeding and would not change the result set forth below. Therefore, in the interest of the justice and efficiency, the Court has reviewed the filings as submitted.

## LEGAL STANDARD

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007)(citations omitted). Accordingly, Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted).

In assessing a motion brought pursuant to Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c).

Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz*, 85

F.3d 51, 53 (2d Cir. 1996). The Court will not presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## ANALYSIS

The Court begins the analysis by recognizing that complaints filed by *pro se* litigants are to be construed liberally and should not be held to the same stringent standard as formal pleadings drafted by licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When examining a *pro se* complaint, a Court takes special care to determine whether any set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). However, "[T]he party who brings a suit is the master to decide what law he will rely upon." *The Fair v. Kohler DieDecember 18, 2007 & Specialty Co.*, 228 U.S. 22, 25 (1913) (quoted in *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, n. 7, 107 (1987)). Therefore, it is not the role of the court to guess the nature of the claim(s) asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

In the present case, the Court has reviewed all the relevant filings and has applied the liberal standard of review provided to *pro se* complaints in an effort to determine whether any set of facts would entitle the plaintiff to relief. *See Hughes*, 449 U.S. at 10. However, even after conducting such a review, the Court finds that the cause of action should be dismissed for several reasons.

I.  Criminal Statutes Cited are Not Valid Basis for Civil Relief

First, examining the original complaint, the Court finds that the plaintiff has set forth three claims for relief clearly labeled in consecutive paragraphs as Counts I, II, and III.

5

Each count seeks relief pursuant to Title 18; Counts I and III seek relief pursuant to § 242 while Count II seeks relief pursuant to § 371.  Pl.'s Compl., ¶ ¶ 8-10.  These laws, cited as the basis for the plaintiff's requested relief, are criminal in nature.  As a private party, the plaintiff has no authority to seek relief under these criminal statutes.  Directly on point with respect to Counts I and III, the Sixth Circuit has held that a private party may not bring a civil action pursuant to 18 U.S.C. § 242.  *United States v. Oguaju* 76 Fed. Appx. 579, 581 (6th Cir. 2003)("[T]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes."(citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)).  Likewise, the plaintiff's requested relief pursuant to 18 U.S.C. § 371 in Count II is also unavailable for the same reason.  *See Willing v. Lake Orion Community Schools Bd. of Trustees*, 924 F. Supp. 815, 818 (E.D. Mich. 1996)("Willing's claim under 18 U.S.C. § 371, which provides criminal penalties for conspiracies "to commit any offense against the United States," must be dismissed because this statute does not create a civil cause of action."(citations omitted)).  Consequently, the plaintiff's original complaint fails to state a claim upon which relief can be granted and must be dismissed on this basis alone.

II.     Tile 42, Section 1983 Claims are Not Actionable as Asserted

Moreover, because the plaintiff is proceeding *pro se*, the Court has considered his complaint under an alternate legal theory, treating his complaint as if it advanced claims under 42 U.S.C. § 1983.  Indeed, the plaintiff mentions § 1983 several times, but does not advance the claims beyond mere recitation of the statute.  In any event, the Court concludes that even considering the plaintiff's claims as though they were set forth

pursuant to 42 U.S.C. § 1983, the defendant's motion to dismiss must be granted for at least two reasons under this alternative § 1983 theory.

### A. Eleventh Amendment

First, any § 1983 claims brought by the plaintiff are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign State." U.S. Const. amend. XI. Therefore, " 'It is ... well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment[,]' if the suit is somehow deemed to be against the State." *Doe v. Wigginton*, 21 F.3d 733, 736 (6th Cir. 1994), quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Whether a suit against State officials in their official capacity is deemed to be against the State depends on whether the plaintiff seeks 'retroactive' or 'prospective' relief'." *Doe*, 21 F.3d at 736. Retroactive relief compensates a plaintiff for a past violation of his legal rights and usually takes the form of money damages, although that is not necessarily the case. *See Cory v. White*, 457 U.S. 85, 90 n. 2 (1982); *Doe*, 21 F.3d at 736-737. Where an official capacity claim is for retroactive relief, the action is deemed to be against the State whose officers are the nominal defendants. *Doe*, 21 F.3d at 737.

In this matter, the plaintiff is suing Judge June Blackwell-Hatcher, a Wayne County, Michigan, Probate Judge. The plaintiff seeks monetary and other relief against Judge June Blackwell-Hatcher for the past actions taken in her official capacity as a judicial officer of

the State of Michigan. In seeking monetary relief for the alleged injustices by Judge Blackwell-Hatcher, the plaintiff is seeking retroactive relief. Therefore, the suit against Judge Blackwell-Hatcher for monetary relief is deemed to be against the State of Michigan. Because the State of Michigan has not consented to be sued in such a cause of action, the plaintiff's claims are prohibited under the Eleventh Amendment and cannot proceed. *See Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004)("The state of Michigan, . . . has not consented to being sued in civil rights actions in the federal courts."). Additionally, because the plaintiff's cause of action is actually one against the State and not "a person," § 1983 does not provide a claim for relief. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).

Finally, to the extent that the plaintiff asserts claims for non-monetary relief, most notably requesting an arrest warrant for Judge Blackwell-Hatcher and a request to remand the case to the state court with specific instruction as to how to execute the disputed will, the Court finds that there is no basis in law or fact to support such claims.

### B.  Judicial Immunity Doctrine

The second reason that the plaintiff cannot bring a § 1983 claim against Judge Blackwell-Hatcher is that the claim is barred by the judicial immunity doctrine. It is well settled that judicial officers are absolutely immune from § 1983 claims for damages arising out of their judicial actions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). *See also*, *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Cooper v. Parrish*, 203 F.3d 937 (6th Cir. 2000). A judge remains absolutely immune for his judicial acts "even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359

(1978). This immunity applies "even when the judge is accused of acting maliciously and corruptly. . . . " *Pierson*, 386 U.S. at 554. Although there are two recognized exceptions to the judicial immunity doctrine, *see Mireles*, 502 U.S. at 11-12, the plaintiff has not specifically alleged any actions that would fall within either exception. *See id.*

In the present case, the plaintiff claims that Judge Blackwell-Hatcher acted inappropriately by allegedly "fail[ing] to follow Michigan Court Rules." Pl.'s Compl., ¶ 1. As a result, the plaintiff seeks, in part, monetary relief for Judge Blackwell-Hatcher's alleged procedural errors committed in her official capacity. Such claims, even if the result "grave procedural errors" *see Stump*, 435 U.S. at 359, are not actionable under the doctrine. *See Mireles*, 502 U.S. at 9-10. Therefore, in addition to the Eleventh Amendment analysis above, the judicial immunity doctrine requires dismissal of the plaintiff's claims.

III. Motion to Amend the Complaint

Finally, the Court has considered the plaintiff's motion to amend the complaint. [Docket entry #7]. Federal Rule of Civil Procedure 15(a) provides that, "The court should freely give leave [to amend a complaint] when justice so requires." In determining whether "justice so requires" this court to grant a motion for leave to amend, this court enjoys broad discretion. *Hayden v. Ford Motor Company*, 497 F.2d 1292, 1294 (6th Cir.1974). Although Rule 15(a) articulates a fairly liberal standard for amendment, it does not require this court to indulge futile amendments. *DeLoach v. Woodley*, 405 F.2d 496, 496-97 (6th Cir. 1968); *Foman v. Davis*, 371 U.S. 178, 182 (1962). If a proposed amendment would not withstand a motion to dismiss, leave to amend should be denied. *Keweenaw Bay Indian Community v. State of Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993).

Considering the plaintiff's motion, the Court concludes that the proposed amendments would be futile. The proposed amendments add nothing to alter the analysis above, merely seeking to add the State of Michigan and the Attorney General of the State of Michigan as defendants. As described above, because the plaintiff is seeking retroactive relief for alleged injustices committed by Judge Blackwell-Hatcher in her official capacity as a judicial officer, the claims are considered to be against the State of Michigan. *Doe*, 21 F.3d at 736. Therefore, amendment of the complaint to expressly add the State of Michigan as a defendant is frivolous. Similarly, the addition of the Attorney General of the State of Michigan without any allegations of personal involvement in the acts underlying the plaintiff's claims is likewise frivolous. Consequently, the proposed amendments are futile and leave to amend will be denied.

## CONCLUSION

**ACCORDINGLY**, for the foregoing reasons, **IT IS HEREBY ORDERED** that the defendant's motion to dismiss [docket entry #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint [docket entry #7] is **DENIED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 29, 2009

10

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2009, by electronic and/or ordinary mail.

                         s/Alissa Greer
                         Case Manager